UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MICHAEL MCCALLION,

          Plaintiff,

  -against-

C.O. MATTHEW MARRA,
SGT. JOSEPH COFFEY,
C.O. MARCUS HART,
C.O. SHAWN BARBARITO,
C.O. GORDON GRIFFITH,
C.O. CRAIG WEIDNER and
C.O. "JOHN" J., the first name being fictitious,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

9:22-cv-253 (GLS/CFH)

Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of defendants, alleges as follows, upon information and belief:

**THE PARTIES AND JURISDICTION**

1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, plaintiff was incarcerated at Gouverneur Correctional Facility (Gouverneur), in Gouverneur, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, defendants were and are citizens of the State of New York.

4. That at all times herein mentioned, defendant C.O. Matthew Marra (Marra) was a correction officer employed at Gouverneur by DOCCS.

5. That at all times herein mentioned, Marra was acting within the course and scope of his employment as a DOCCS correction officer.

6. That at all times herein mentioned, Marra was acting under color of state law.

7. That at all times herein mentioned, defendant Sgt. Joseph Coffey (Coffey) was a sergeant employed at Gouverneur by DOCCS.

8. That at all times herein mentioned, Coffey was acting within the course and scope of his employment as a DOCCS sergeant.

9. That at all times herein mentioned, Coffey was acting under color of state law.

10. That at all times herein mentioned, defendant C.O. Marcus Hart (Hart) was a correction officer employed at Gouverneur by DOCCS.

11. That at all times herein mentioned, Hart was acting within the course and scope of his employment as a DOCCS correction officer.

12. That at all times herein mentioned, Hart was acting under color of state law.

13. That at all times herein mentioned, defendant C.O. Shawn Barbarito (Barbarito) was a correction officer employed at Gouverneur by DOCCS.

14. That at all times herein mentioned, Barbarito was acting within the course and scope of his employment as a DOCCS correction officer.

15. That at all times herein mentioned, Barbarito was acting under color of state law.

16. That at all times herein mentioned, defendant C.O. Gordon Griffith (Griffith) was a correction officer employed at Gouverneur by DOCCS.

17. That at all times herein mentioned, Griffith was acting within the course and scope of his employment as a DOCCS correction officer.

18. That at all times herein mentioned, Griffith was acting under color of state law.

19. That at all times herein mentioned, defendant C.O. Craig Weidner (Weidner) was a correction officer employed at Gouverneur by DOCCS.

20. That at all times herein mentioned, Weidner was acting within the course and scope of his employment as a DOCCS correction officer.

21. That at all times herein mentioned, Weidner was acting under color of state law.

22. That at all times herein mentioned, defendant C.O. "John" J. (J), whose first name is fictitious and whose last name begins with the letter "J," was a correction officer employed at Gouverneur by DOCCS.

23. That at all times herein mentioned, J was acting within the course and scope of his employment as a DOCCS correction officer.

24. That at all times herein mentioned, J was acting under color of state law.

25. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment and First Amendment to the United States Constitution.

26. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

27. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

28. Plaintiff seeks redress for violation of his civil rights in connection with incidents that occurred on October 28, 2020 and November 5, 2020 at Gouverneur.

### The October 28, 2020 Incident

29. On October 28, 2020, while incarcerated at Gouverneur, plaintiff smoked and was under the influence of synthetic marijuana, also known as "K2."

30. Marra observed plaintiff after he had smoked the K2, and perceived that plaintiff was intoxicated and acting erratically.

31. In response to plaintiff's actions, Marra yelled out to plaintiff, but plaintiff did not immediately respond to Marra, and instead walked past him.

32. In response to what Marra perceived as plaintiff's insolence and/or disobedience of an order, Marra then forcibly brought plaintiff to the ground and activated his personal alarm system, also known as a PAS.

33. After Marra activated his PAS, Coffey, Hart, Barbarito, and Griffith responded to the area, whereupon Marra falsely stated to them that plaintiff had lunged at him.

34. Marra, Coffey, Hart, Barbarito, and Griffith thereafter transported plaintiff to a strip frisk room, whereupon they collectively engaged in a brutal physical attack of plaintiff while he was in handcuffs.

35. The aforementioned attack included, but was not limited to, throwing plaintiff to the ground and stomping, kicking, and punching plaintiff multiple times in the body.

36. The aforementioned attack on plaintiff was sadistic and malicious, and was undertaken without any legitimate penological purpose.

37. As a result of the October 28, 2020 attack, plaintiff suffered multiple injuries, including but not limited to multiple fractured ribs, elevated troponin levels, and adverse cardiac involvement.

### The November 5, 2020 Incident

38. On November 5, 2020, plaintiff was interviewed by Gouverneur supervisors in response to a complaint he made about the October 28, 2020 incident.

39. At some point after the conclusion of the interview, plaintiff was escorted back to his housing unit by Weidner and J, and during the escort Weidner and J collectively engaged in a brutal physical attack of plaintiff while he was in handcuffs.

40. The aforementioned attack continued into plaintiff's cell, and included, but was not limited to, choking plaintiff and striking plaintiff in the head.

41. The aforementioned attack on plaintiff was sadistic and malicious, and was undertaken without any legitimate penological purpose.

42. The aforementioned attack on plaintiff was in retaliation for plaintiff having exercised his First Amendment right to free speech and his right to petition the government for redress of his grievances arising out of the October 28, 2020 incident.

43. As a result of the November 5, 2020 attack, plaintiff suffered multiple injuries, including but not limited to a perforated eardrum and resulting hearing loss.

*************************

44. Each of the defendants herein observed and had knowledge of the illegal and unconstitutional conduct of his fellow officers, had opportunities to intervene to prevent and/or stop that conduct, and deliberately and intentionally chose not to do so.

45. As a result of the aforesaid actions and inactions by defendants, plaintiff sustained severe physical and psychological injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, incurred and will continue to incur economic loss, and was otherwise damaged.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(42 USC § 1983: Eighth Amendment)**

46. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

47. The aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

48. As a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

**SECOND CAUSE OF ACTION AGAINST WEIDNER and J**
**(42 USC § 1983: First Amendment)**

49. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

50. The aforementioned acts by Weidner and J were in violation of the rights guaranteed to plaintiff under the First Amendment to free speech and to petition the government for redress of grievances.

51. As a result thereof, plaintiff is entitled to recover damages from Weidner and J pursuant to 42 USC § 1983.

WHEREFORE, plaintiff seeks judgment against defendant Marra for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars, and

against the remaining defendants for compensatory damages each in the amount of One Million ($1,000,000.00) Dollars, and plaintiff also seeks punitive damages against all defendants in an amount to be determined by the trier of fact, and plaintiff also seeks attorney's fees against all defendants pursuant to 42 USC § 1988, together with interest, costs, and disbursements of this action.

Dated:  New York, New York
        March 15, 2022

                                      Yours, etc.
                                      Sivin, Miller & Roche, LLP

                                      s/ Edward Sivin
                                      Bar Roll Number: 514765
                                      Attorneys for Plaintiff
                                      20 Vesey Street, Suite 1400
                                      New York, NY 10007
                                      Telephone: (212) 349-0300
                                      E-mail: esivin@sivinandmiller.com