UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL MCCALLION,

        PLAINTIFF,

v.

C.O. MATTHEW MARRA, ET AL.

        DEFENDANTS.

Case No. 9:22-cv-00253

# MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

COUNTERSTATEMENT OF FACTS .......................................................................................... 3

ARGUMENT ................................................................................................................................. 3

   I. VIEWED IN THE LIGHT MOST FAVORABLE TO PLAINTIFF, THE EVIDENCE RAISES TRIABLE ISSUES OF FACT AS TO WHETHER DEFENDANT MATTHEW MARRA USED EXCESSIVE FORCE AGAINST PLAINTIFF IN VIOLATION OF THE EIGHTH AMENDMENT'S PROSCRIPTION AGAINST CRUEL AND UNUSUAL PUNISHMENT .... 3

      A. THE OBJECTIVE ELEMENT ................................................................................ 4

      B. THE SUBJECTIVE ELEMENT .............................................................................. 9

   II. MARRA IS NOT ENTITLED TO SUMMARY JUDGMENT ON QUALIFIED IMMUNITY GROUNDS ............................................................................................................ 10

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**CASES**                      **PAGE(S)**

*Abreu v. Nicholls*,
   368 F. App'x 191 (2d Cir. 2010) .................................................................................. 5

*Allen v. Rathgeber*,
   2020 U.S. Dist. LEXIS 90701 (E.D.N.Y. 2020) ......................................................... 5

*Amnesty Am. v. Town of West Hartford*,
   361 F.3d 113 (2d Cir. 2004) ........................................................................................ 5

*Banks v. Cty. of Westchester*,
   168 F. Supp. 3d 682 (S.D.N.Y. 2016) ......................................................................... 5

*Basile v. Cty. of Nassau*,
   2023 U.S. Dist. LEXIS 188283 (E.D.N.Y. 2023) ....................................................... 7

*Felder v. Steck*,
   2013 U.S. Dist. LEXIS 4905 (W.D.N.Y. 2013) ........................................................ 10

*Graham v. Ferretti*,
   2022 U.S. Dist. LEXIS 139850 (E.D.N.Y. 2022) ....................................................... 5

*Griffin v. Crippen*,
   193 F.3d 89 (2d Cir. 1999) .................................................................................... 8, 12

*Hudson v. McMillian*,
   503 U.S. 1 (1992) ................................................................................................. 9, 12

*Johnson v. White*,
   2015 U.S. Dist. LEXIS 144011 (N.D.N.Y. 2015) ...................................................... 6

*Kerman v. City of New York*,
   261 F.3d 229 (2d Cir. 2001) ...................................................................................... 11

*Mickle v. Morin*,
   297 F.3d 114 (2d Cir. 2002) ...................................................................................... 11

*Romaine v. Rawson*,
   140 F. Supp. 2d 204 (N.D.N.Y. 2001) ................................................................ 11, 12

*Saari v. Merck & Co., Inc.*,
   961 F. Supp. 387 (N.D.N.Y. 1997) ............................................................................. 6

*Scott v. Coughlin*,
    344 F.3d 282 (2d Cir. 2003) .................................................................................... 8

*Snead v. City of New York*,
    463 F. Supp. 3d 386 (S.D.N.Y. 2020) ..................................................................... 7

*Taylor v. Wilde*,
    2022 U.S. Dist. LEXIS 102809 (E.D.N.Y. 2022) ................................................... 4

*Tolan v. Cotton*,
    572 U.S. 650 (2014) ................................................................................................ 3

*Tracy v. Freshwater*,
    623 F.3d 90 (2d Cir. 2010) ............................................................................... 5, 10

*Wright v. Goord*,
    554 F.3d 255 (2d Cir. 2009) .................................................................................... 9

**CONSTITUTIONAL PROVISIONS**

U. S. Const. amend. I ..................................................................................................... 1

U. S. Const. amend. VIII ......................................................................................... passim

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL MCCALLION, <br><br> PLAINTIFF, <br><br> v. <br><br> C.O. MATTHEW MARRA, ET AL. <br><br> DEFENDANTS. | Case No. 9:22-cv-00253 <br><br> **MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**PRELIMINARY STATEMENT**

Plaintiff Michael McCallion (hereinafter "Plaintiff," or "McCallion"), submits this Memorandum of Law in partial opposition to Defendants' motion for partial summary judgment. Plaintiff does not oppose that portion of Defendants' motion that seeks summary judgment on behalf of Defendants C.O. Craig Weidner ("Weidner"), or C.O. Kreg Jackson ("Jackson") on Plaintiff's cause of action for retaliation in violation of Plaintiff's rights under the First Amendment to the U.S. Constitution in connection with the November 7, 2020 use-of-force incident. Plaintiff opposes the balance of Defendants' motion, which seeks summary judgment only on behalf of Defendant C.O. Matthew Marra ("Marra"), for Plaintiff's Eighth Amendment excessive force claim arising out of the October 28, 2020 use-of force incident.

Defendants have not moved for summary judgment on behalf of Defendants Sgt. Joseph Coffey ("Coffey"), C.O. Marcus Hart ("Hart"), C.O. Shawn Barbarito ("Barbarito"), or C.O. Gordon Griffith ("Griffith") with respect to Plaintiff's Eighth Amendment excessive force claim arising out of the October 28, 2020 incident. Defendants also have not moved for summary

judgment on behalf of Defendants Weidner or Jackson with respect to Plaintiff's Eighth Amendment excessive force claim arising out of the November 7, 2020 incident.

Defendants' motion to dismiss Plaintiff's Eighth Amendment excessive force claim against Marra in connection with the October 28, 2020 incident should be denied. Viewing the evidence in the light most favorable to Plaintiff, as is required on Defendants' motion for summary judgment, Marra body-slammed Plaintiff to a concrete bathroom floor solely in response to what Marra perceived as Plaintiff acting disrespectfully toward him. Plaintiff, while acknowledging that he was high from the effects of "K2" at the time of the incident and acting in a manner that reasonably could have been perceived by Marra as disrespectful, denies Marra's claim that he "lunged" at Marra or that he engaged in any other conduct that reasonably could be perceived as an attempt to assault or even threaten Marra. Instead, Plaintiff asserts that as he attempted to walk past Marra, Marra grabbed him from behind and, without warning, and without first saying anything to him, body-slammed him to the floor.

The records of Plaintiff's treatment at the prison's infirmary, where he was taken following the incident, document multiple injuries, including bruises, swelling, redness, and abrasions to Plaintiff's face, neck, and the left side of his back. The records from the hospital emergency room to which Plaintiff then was taken by ambulance further document that Plaintiff sustained acute fractures of four ribs on the left side.

Given the parties' widely divergent accounts of the events of October 28, 2020, the issue of whether Marra's use of force "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically

2

to cause harm," cannot be summarily determined at this juncture. Moreover, crediting Plaintiff's versions of events, Marra is not entitled to qualified immunity, since at the time of the incident it had long been established that the gratuitous use of force by a correction officer against an incarcerated individual violates the Eighth Amendment's proscription against cruel and unusual punishment.

## COUNTERSTATEMENT OF FACTS

Plaintiff respectfully refers the Court and Defendants to his Response to Defendants' Statement of Material Facts ("Resp. to SOMF") and Statement of Additional Material Facts in Dispute ("Add'l SOMF"), dated March 27, 2024 and submitted pursuant to N.D.N.Y. Local Rule 56.1(b), for a full recitation of the relevant facts related to this matter.

## ARGUMENT

### I. VIEWED IN THE LIGHT MOST FAVORABLE TO PLAINTIFF, THE EVIDENCE RAISES TRIABLE ISSUES OF FACT AS TO WHETHER DEFENDANT MATTHEW MARRA USED EXCESSIVE FORCE AGAINST PLAINTIFF IN VIOLATION OF THE EIGHTH AMENDMENT'S PROSCRIPTION AGAINST CRUEL AND UNUSUAL PUNISHMENT

Defendants' recitation of the law on excessive force claims under the Eighth Amendment is essentially accurate, if not entirely complete. However, Defendants' Statement of Facts focuses almost exclusively on Defendants' version of events, and ignores altogether Plaintiff's version of the events of October 28, 2020. Viewing that evidence in the light most favorable to Plaintiff, as is required on Defendants' motion for summary judgment, *see Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (noting that in ruling on a

summary judgment motion, "a court must view the evidence in the light most favorable to the opposing party"), there exist at minimum triable issues of fact that preclude summary judgment in favor of Marra on Plaintiff's Eighth Amendment excessive force claim

### a. THE OBJECTIVE ELEMENT

Defendants essentially argue that Plaintiff cannot satisfy the "objective" element of his Eighth Amendment claim because a) the force used by Marra against Plaintiff was relatively de minimis; and b) Plaintiff did not sustain *any* injuries as a result of that use of force. Both assertions are without merit.

According to Plaintiff, Marra grabbed him from behind, twisted his arm behind his back, and body-slammed him face-first onto a concrete floor while Plaintiff was attempting to comply with Marra's directive that he exit the bathroom. And while Plaintiff acknowledges that he wiggled his hips at Marra–a gesture that arguably was disrespectful–he denies that he lunged at, raised his hand to, or otherwise acted in any manner that reasonably could have been interpreted by Marra as threating. Thus, contrary to Defendants' depiction of a relatively benign response by Marra to a charging, intoxicated inmate who by all appearances was about to assault him, the trier of fact reasonably can find that Marra's use of force, a face-first body slam that he had perfected over the years as a varsity wrestler, was without justification or legal provocation, and therefore clearly excessive. *See Taylor v. Wilde*, 2022 U.S. Dist. LEXIS 102809, at *17 (E.D.N.Y. 2022) ("And, once we assume Plaintiff's version of events, the force used was not de minimis. Body slamming a restrained prisoner is not a 'nontrivial' use of force, such that it could be considered de minimis.") (citation omitted); *Graham v.*

4

*Ferretti*, 2022 U.S. Dist. LEXIS 139850, at *30-31 (E.D.N.Y. 2022) (denying summary judgment to an officer where there was evidence that the officer body-slammed the plaintiff to the floor, since such a use of force can be deemed "objectively unreasonable.") (citing *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 123 (2d Cir. 2004)).

Next, Defendants' argument that Plaintiff sustained *no* injuries from the body slam also is incorrect, if not illogical. Indeed, one can hardly imagine any scenario under which being body-slammed face-first into a concrete floor would result in *no* injuries. But even assuming, arguendo, Plaintiff sustained no injuries from this body slam, that would not end the inquiry, since a completely gratuitous use of force can constitute an Eighth Amendment violation even in the absence of any physical injuries. *See Abreu v. Nicholls*, 368 F. App'x 191, 193 (2d Cir. 2010) (summary order) (noting that if force is "maliciously and sadistically motivated," "the extent, if any, of [the plaintiff's] injuries are immaterial."); *Allen v. Rathgeber*, 2020 U.S. Dist. LEXIS 90701, at *22-23 (E.D.N.Y. 2020) ("That said, 'the use of entirely gratuitous force is unreasonable and therefore excessive.'") (quoting *Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010)); *see also Banks v. Cty. of Westchester*, 168 F. Supp. 3d 682, 690 (S.D.N.Y. 2016) (noting in Eighth Amendment context that "*even without … injuries*, Defendants' actions could still constitute excessive force because the use of entirely gratuitous force is unreasonable and therefore excessive.") (emphasis added) (internal quotation marks and citation omitted).

But here, the Court need not indulge the hypothetical scenario of a use of force that results in no injuries, since the trier of fact reasonably can find that Plaintiff sustained multiple and severe personal injuries as a

5

result of Marra's use of force. The records of Plaintiff's treatment in the prison's infirmary document, among other things, multiple injuries to Plaintiff's face, neck, and left side of his back, and the records of the hospital to which Plaintiff then was taken by ambulance document four acute fractures of Plaintiff's ribs on the left side. C.O. Marra also opined at his deposition that Plaintiff's fractured ribs were caused by Marra's body slam. These multiple injuries certainly are sufficient for purposes of Plaintiff's Eighth Amendment excessive force claim. *See Green v. Lewalski*, 2021 U.S. Dist. LEXIS 229366, at *13 (W.D.N.Y. 2021) ("Courts within this circuit have held that broken ribs are more than *de minimis* for the purpose of an excessive force claim.") (citing *Tranchina v. McGrath*, 2021 U.S. Dist. LEXIS 78221, at *15 (N.D.N.Y. 2021) (upholding a jury verdict that broken ribs and possible concussion were more than *de minimis*), *and Martinez v. Thompson*, 2008 U.S. Dist. LEXIS 98961 (N.D.N.Y 2008) (upholding a jury verdict that broken ribs and lumbar injury were more than *de minimis*)). Accordingly, Plaintiff's lacerations, bruises, and broken ribs are not *de minimis* for the purpose of his Eighth Amendment claim of excessive force at this stage.

Finally, that Plaintiff opined at his deposition that Marra did not break his ribs, but that Coffey, Hart, Barbarito, and/or Griffith broke his ribs, is not dispositive. Indeed, it is unclear whether Plaintiff's lay opinion on medical causation would even be admissible at trial. *See Johnson v. White*, 2015 U.S. Dist. LEXIS 144011, at *6 (N.D.N.Y. 2015) ("A lay witness may not testify as to the underlying cause of a medical condition that is beyond his or her personal knowledge.") (citing *Saari v. Merck & Co., Inc.*, 961 F. Supp. 387, 392 (N.D.N.Y. 1997)). But even were Plaintiff's lay opinion admissible, this Court must look to *all* the evidence, including testimony by

Defendants and the medical evidence of Plaintiff's injuries, to determine whether there exists an issue of fact regarding whether Marra's body slam was the cause of Plaintiff's broken ribs. *See Basile v. Cty. of Nassau*, 2023 U.S. Dist. LEXIS 188283, at *6-7 (E.D.N.Y. 2023) (notwithstanding the Plaintiff's deposition testimony that the moving defendant was not among those police officers who assaulted him, the court denied the moving defendant's motion for summary judgment, noting that the defendant's own testimony and subsequent medical records raised an issue of fact as to whether the defendant participated in the assault); *Snead v. City of New York*, 463 F. Supp. 3d 386, 398 (S.D.N.Y. 2020) (denying summary judgment on an illegal search claim, notwithstanding the plaintiff's deposition testimony that he was not searched by the moving defendants, noting that the "[t]he Supreme Court's approach thus suggests that the Court must consider any testimony—whether from the plaintiff, the defendant, or a non-party—that forms the version of events most favorable to the non-moving party.") (citations omitted).

Here, Marra, a former varsity wrestler who had executed this body slam hundreds of times on opponents—albeit, presumably never onto a concrete floor—and therefore knew the amount of force he used against Plaintiff and the likely consequences of that force, opined that Plaintiff's broken ribs *were* caused by the body slam. Moreover, Defendants deny that *any* force was used against Plaintiff between the time he was body slammed by Marra and the time he was diagnosed with multiple injuries in the prison infirmary and multiple fractured ribs in the hospital emergency room. Accepting Defendants' view of the evidence, the trier of fact certainly would be entitled,

7

if not required, to find that Plaintiff's fractured ribs were caused by Marra's use of force.[1]

Finally, even were the jury to find that Plaintiff's fractured ribs were not the result of Marra's body slam, but instead the result of a subsequent use of force by some of Marra's co-defendants, the jury still could find that the multiple bruises to Plaintiff's face were the result of his being body slammed by Marra face-first to the concrete floor. In that event, Marra's use of force against Plaintiff still would satisfy the objective element of Plaintiff's Eighth Amendment excessive force claim.

> [W]here a prisoner's allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically, our Court has reversed summary dismissals of Eighth Amendment claims of excessive force even where the plaintiff's evidence of injury was slight and the proof of excessive force was weak. *See, e.g., Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (reversing summary dismissal of prisoner's complaint, though suggesting that prisoner's evidence of an Eighth Amendment violation was "thin" as to his claim that a corrections officer struck him in the head, neck, shoulder, wrist, abdomen, and groin, where the "medical records after the . . . incident with [that officer] indicated only a slight injury"); *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999)

---

[1] That in support of Marra's motion for summary judgment Defendants *now* suggest, contrary to Marra's deposition testimony, that Marra's body slam was *not* the cause of Plaintiff's fractured ribs reveals a disingenuous strategy on behalf of Defendants collectively. Defendants are hoping that summary judgment will be granted in favor of Marra, and then at trial the jury will accept the remaining Defendants' claim that no force was used by them after Marra body-slammed Plaintiff to the floor. To prevail on both fronts, however, Defendants will have to proffer an explanation at trial for Plaintiff's fractured ribs. The explanation surely will be that Plaintiff's ribs *were* fractured by Marra, who no longer will be a defendant at that point. Under that scenario, *all* Defendants will have gotten away Scot-Free, even though at least one of the Defendants undeniably was responsible for Plaintiff's fractured ribs.

8

> (vacating district court's *sua sponte* dismissal of prisoner's complaint, though characterizing his "excessive force claim [a]s weak and his evidence [as] extremely thin" where prisoner alleged that he was hit by prison guards "after he was handcuffed" but "the only injuries he suffered were a bruised shin and swelling over his left knee").

*Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009).

### b. THE SUBJECTIVE ELEMENT

In arguing that Plaintiff cannot satisfy the subjective element of his Eighth Amendment excessive force claim, Defendants again rely entirely on Marra's version of events, while ignoring altogether Plaintiff's version of events. True, the jury may find, as alleged by Marra, that in fear of an imminent threat of force by an intoxicated inmate who was lunging at him, Marra merely responded instinctively in a split-second by "taking Plaintiff to the ground," using a standard, DOCCS-approved technique. However, the jury may reject Marra's self-serving version of events, and instead accept Plaintiff's claim that he neither lunged at Marra nor engaged in any other act that reasonably could have been perceived by Marra as posing a threat to him. The jury also may find, as alleged by Plaintiff, that Marra reacted only out of anger and vindictiveness at what he perceived as a lack of respect by Plaintiff, and that he did so by using a violent body-slam technique that, according to Marra, he perfected during his time as a varsity wrestler. Accepting that version of events, the jury reasonably could find that Marra acted not in a good-faith effort to maintain or restore discipline, but instead maliciously and sadistically to cause harm, thus satisfying the subjective element of Plaintiff's Eighth Amendment excessive force claim. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992) (noting that in an Eighth Amendment

9

excessive force claim, "the core judicial inquiry is whether force was applied (1) in a good-faith effort to maintain or restore discipline, or (2) maliciously and sadistically to cause harm. …").

## II. MARRA IS NOT ENTITLED TO SUMMARY JUDGMENT ON QUALIFIED IMMUNITY GROUNDS

As of the time of this incident—October 28, 2020—it had already been clearly established that a gratuitous use of excessive force by a correction officer against an incarcerated individual was a violation of the Eighth Amendment's proscription against cruel and unusual punishment. *See, e.g., Felder v. Steck*, 2013 U.S. Dist. LEXIS 4905, at *15-16 (W.D.N.Y. 2013) (denying correction officer's motion for summary judgment based on qualified immunity, noting that "[t]he right asserted by the plaintiff, to be free from cruel and unusual punishment in the form of excessive force, is clearly established and the defendants would have reasonably understood that their acts, in allegedly assaulting the plaintiff without provocation and not in response to any security threat or disciplinary issue, were unlawful."); *cf. Tracy*, 623 F.3d at 99 n.5 (reversing the district court's summary grant of qualified immunity in favor of a police officer on an excessive force claim, noting that "it was well established at the time of the underlying altercation that the use of entirely gratuitous force is unreasonable and therefore excessive….") (citations omitted).

Here, Marra does not contend that it was not clearly established at the time that a gratuitous use of force against an incarcerated individual violated the Eighth Amendment. Instead, Marra argues that it was not clearly established that *his* particular use of force, which he characterizes as a relatively benign, DOCCS-sanctioned body hold intended merely to

10

protect himself against an imminent threat of physical harm posed by an irrational, intoxicated inmate who was charging at him, violated the Eighth Amendment. Once again, Marra's argument ignores Plaintiff's version of events, and improperly characterizes the evidence in the light most favorable to Defendants. However, "[w]here the circumstances are in dispute, and 'contrasting accounts … present factual issues as to the degree of force actually employed and its reasonableness,' a defendant is not entitled to judgment as a matter of law on a defense of qualified immunity." *Mickle v. Morin*, 297 F.3d 114, 122 (2d Cir. 2002) (*citing Kerman v. City of New York*, 261 F.3d 229, 239 (2d Cir. 2001)).

Here, viewing the evidence in the light most favorable to Plaintiff, the degree and reasonableness of the force used by Marra against Plaintiff is completely contrary to that depicted by Marra. Far from depicting a reasonable and measured use of force undertaken by a correction officer to subdue a violent inmate, Plaintiff describes an unnecessary and gratuitous body slam to a concrete floor by an officer who was acting solely out of malice and vindictiveness in response to an inmate who did not show him the respect he deserved. While mouthing off, or even making what might be interpreted as a disrespectful or obscene gesture at a correction officer, might warrant the issuance of a Misbehavior Report, it certainly would not warrant a body slam which, according to Marra, was delivered with sufficient force to break four of Plaintiff's ribs.

In that regard, *Romaine v. Rawson*, 140 F. Supp. 2d 204 (N.D.N.Y. 2001), where the court, after a bench trial, found in favor of an inmate on his Eighth Amendment excessive force claim, is particularly instructive. In *Romaine*, the court found that the defendant correction officer struck the

11

inmate when, after being confronted by the officer regarding a rules violation and directed by the officer to leave the area, the inmate acted in an arrogant and disrespectful manner toward the officer. Despite the fact that the court found that the officer used only *de minimis* force and that the plaintiff sustained no visible injuries, the court found in favor of the plaintiff on his Eighth Amendment claim:

> Conceding the paramount importance of maintaining security and discipline within the confines of a prison, the Court must hold prison guards to an objectively reasonable standard of behavior. This objectively reasonable standard of behavior, by its very definition, as the Supreme Court has long recognized, prohibits guards from maliciously, sadistically, or wantonly slapping, striking, kicking, or punching prisoners simply because a prisoner shows a disrespectful attitude towards the guard. *See Hudson*, 503 U.S. at 9.

*Id.* at 212. Rejecting the officer's argument that he nevertheless was entitled to qualified immunity, the court then noted that "[t]he Supreme Court and this Circuit, as already discussed, have long held that contemporary standards of decency are *always* violated when a prison guard wantonly applies force to a prisoner to cause harm *regardless* of whether significant injury is evident." *Id.* at 213 (emphasis in original) (citing *Hudson*, 503 U.S. at 9, *and Griffin*, 193 F.3d at 91). Here, where the force used by Marra was not *de minimis*, and where the trier of fact reasonably can find that Plaintiff sustained multiple, severe injuries as a result of Marra's use of force, a summary determination in favor of Marra on qualified immunity certainly is not warranted.

## CONCLUSION

Based on the foregoing, it is respectfully requested that Defendants' motion for summary judgment, to the extent opposed by Plaintiff, be denied in its entirety, together with such other and further relief as is just, proper, and equitable.

Dated: New York, New York
March 27, 2024

                                            s/ Edward Sivin
                                            Edward Sivin
                                            Sivin, Miller & Roche LLP
                                            Attorneys for Plaintiff
                                            20 Vesey Street, Suite 1400
                                            New York, NY 10007
                                            Telephone: (212) 349-0300
                                            E-mail: esivin@sivinandmiller.com