

**Office of the New York State Attorney General**

**Letitia James
Attorney General**

Writer Direct: (518) 776-2179

March 7, 2025

VIA ECF
Hon. Glenn T. Suddaby, U.S.D.J.
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

Re: *McCallion v. Marra, et al.*, 22-CV-0253 (GTS/PJE)

Honorable Judge Suddaby:

This office represents Defendants in the above-referenced litigation, which is scheduled to go forward to trial on March 17, 2025. Defendants respectfully request that the trial be adjourned. As the Court is aware, on or about February 17, 2025 correctional security staff throughout the State went on a strike which continues to this day. Annexed, please find an Affirmation by DOCCS Commissioner Daniel F. Martuscello III, which details the circumstances surrounding the effect of the strike on DOCCS facilities statewide.

With regard to Gouverneur, the facility remains understaffed as a result of the strike. Facility personnel has had to remain in the facility for extended periods of time, unable to leave the facility due to the staffing shortage. For example, Defendants Gordon Griffith and Shawn Barbarito, and non-party witness Jeff Villeneuve, all witnesses expected to testify at trial, had to remain in the facility continually for sixteen days.

Presently, Defendants, as well as non-party witnesses, are scheduled to provide testimony at trial. Due to the emergency situation at the facility, this office has had considerable difficulty reaching and obtaining the cooperation of both defendants and non-party witnesses currently working at Gouverneur, as they are unable to leave their posts. It is our understanding that the strike has also affected medical staff. We have, similarly, been unable to reach some of non-party medical staff, which will need to testify at trial. It is expected that these conditions will continue until the strike is resolved.

Our inability to obtain the cooperation of witnesses due to the ongoing emergency is prejudicing our ability to prepare a defense in this matter. Moreover, requiring Defendants Griffith, and Barbarito, and other Gouverneur staff to attend trial will exacerbate staffing shortages at the facility, contributing to a potentially dangerous situation. Given the above,

March 7, 2025
Page 2

Defendants respectfully request that the Court adjourn the trial until such time as the emergency situation is resolved at the facility.

    We thank the Court for its consideration.

Respectfully submitted,

*Jorge A. Rodriguez*

Jorge A. Rodriguez
Assistant Attorney General
Jorge.Rodriguez@ag.ny.gov

Enclosure

CC:    VIA ECF
        All Counsel of Record

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,

         *Petitioner*,   **AFFIRMATION**

   -against-       Index No. 802914/2025

NEW YORK STATE CORRECTIONAL
OFFICERS AND POLICE BENEVOLENT
ASSOCIATION, INC., *et al.*,

         *Respondents*.

---

  Daniel F. Martuscello III, affirms the following under the pains and penalties of perjury:

1. I am employed as the Commissioner for the New York State Department of Corrections and Community Supervision ("DOCCS"). As such, I am fully familiar with the facts and circumstances to which I testify herein.

2. I make this Affirmation in support of DOCCS' motion by Order to Show Case to Punish for Contempt.

3. This Affirmation is based upon my personal knowledge and/or my review of documents and records maintained in the normal and ordinary course of DOCCS' business operations.

4. As of March 3, 2025, we are on day fifteen (15) of the illegal correction officer strike that began on February 17, 2025, at Elmira Correctional Facility ("CF") in Chemung County and Collins CF in Erie County. At its peak, it had risen to thirty-eight (38) facilities throughout the State, and it continues in the overwhelming majority of DOCCS' facilities today.

5. The strike has put an incredible burden on the staff that has remained working inside the facilities, forcing them to work long-hours and take on roles and responsibilities outside the scope of their normal duties. By abandoning their co-workers and their posts, the strikers illegal action continues to put stress and strain on the employees and the incarcerated population. The facilities are operating with minimal staff, and, as a stopgap measure, DOCCS has been required to seek the assistance of the National Guard, members of DOCCS' Office of Special Investigations, parole officers and even civilian staff. This is a state of emergency and a situation that is dire for the remaining staff, the incarcerated population and the community.

6. The remaining staff has been supported by more than 4,500 members of the New York State National Guard across all our facilities. Their support has improved our ability to maintain safety and security in our facilities and helped us to avoid significant deterioration of conditions. However, this is not sustainable long-term. There remains a significant risk of unsafe conditions for the staff, the incarcerated population, and the communities in which we operate. We cannot operate indefinitely under a prison-wide state of emergency while these striking officers continue their illegal activity.

7. The State of New York participated in a multiday mediation with NYSCOPBA in a good faith effort to find common ground and a resolution to this unlawful job action. That mediation resulted in a Consent Award on February 27, 2025, that included improved safety measures for staff, eliminated mandatory 24-hour overtime shifts, fair scheduling, increased voluntary overtime pay, reduction on overtime shifts, suspension of programming when specific staffing targets cannot be met, improved screening of legal mail for contraband, referral bonus program, and wellness app for DOCCS workers. However, that Consent Award cannot be

executed until there has been substantial compliance with this Court's Temporary Restraining Order.

8. Although nearly 1,000 officers have returned to work, the majority of striking officers have failed to return to work and remain out on their illegal strike. We currently estimate that approximately 8,000 correction officers and/or sergeants have failed to return to work and have failed to comply with this Court's February 19, 2025, Temporary Restraining Order ("TRO") despite DOCCS' best efforts and DOCCS' compliance with the terms of the Consent Award.

9. The failure of these striking officers to comply with this Court's TRO is causing irreparable harm to the operations of DOCCS and is exacerbating an already volatile situation. The NYSCOPBA members involved are jeopardizing the safety and security of their co-workers and the more than 33,000 incarcerated individuals in the custody and care of DOCCS. The longer the strikes are permitted to continue, the greater risk to the life and safety of DOCCS employees, the incarcerated population and the public.

10. Based on the foregoing, I respectfully request that the Court grant the relief sought in DOCCS' motion by Order to Show Case to Punish for Contempt.

I affirm this 3 day of March, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Daniel F. Martuscello III

## CERTIFICATION PURSUANT TO 22 NYCRR 202.8-b

I, Soo-young Chang, at attorney duly admitted to practice before the courts of the State of New York, hereby certify that this Affirmation complies with the word count limit set forth in 22 NYCRR § 202.8-b and contains 641 words, excluding the parts exempted by the Rule.

Dated: Buffalo, New York
March 3, 2025

/s/ Soo-young Chang
SOO-YOUNG CHANG