UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL McCALLION,

                            Plaintiff,

v.                                                         9:22-CV-0253
                                                          (GTS/CFH)
C.O. MATTHEW MARRA; SGT. JOSEPH COFFEY;
C.O. MARCUS HART; C.O. SHAWN BARBARITO;
C.O. GORDON GRIFFITH; C.O. CRAIG WEIDNER;
and C.O. KREG JACKSON,

                            Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

SIVIN, MILLER & ROCHE LLP                  DUANE G. BLACKMAN, ESQ.
  Counsel for Plaintiff                                   EDWARD SIVIN, ESQ.
20 Vesey Street, Suite 1400                      GLENN D. MILLER, ESQ.
New York, NY 10019                                       DAVID ROCHE, ESQ.

HON. LETITIA A. JAMES                            JORGE A. RODRIGUEZ, ESQ.
Attorney General for the State of New York      OLIVIA R. COX, ESQ.
  Counsel for Defendants                             Assistant Attorneys General
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this prisoner civil rights action filed by Michael McCallion ("Plaintiff") against C.O. Matthew Marra, Sgt. Joseph Coffey, C.O. Marcus Hart, C.O. Shawn Barbarito, C.O. Gordon Griffith, C.O. Graig Weidner, and C.O. Kreg Jackson ("Defendants"), are the parties' letter-motions requesting rulings on disputed portions of the deposition transcripts of Dr. Lloyd Loft, Nurse Jamie Coffey, Nurse Jessica Mitchell, in preparation for use at trial. (Dkt. Nos. 106, 107, 109.)

To the extent the parties request rulings on disputed portions of the deposition transcripts of Nurses Coffey and/or Mitchell, those requests are denied based on a careful weighing of the need for in-person testimony against the convenience of the use of such deposition transcripts: those witnesses shall be required to testify at trial, if their testimony is to be relied on by the parties.

To the extent the parties request rulings on disputed portions of the deposition transcript of Dr. Loft, those requests are granted in part and denied in part, as stated in the following table:

| Citation | Question and Answer | Objection | Ruling and Rationale |
|---|---|---|---|
| Page 38, lines 9-25; Page 39, lines 1-25; Page 40, lines 1-18 | Question by Plaintiff's counsel regarding opinion of causation based on certain assumed facts (i.e., the normality of Plaintiff's pre-slap hearing, the nature of the injury upon the slap, and extent of his post-slap bleeding and discharge)<br><br>Answer based (arguably) on other facts (i.e., the actual cause of Plaintiff's injury based on a review of his medical records) | Answer is beyond the scope of the question | **SUSTAINED**: the answer is beyond the scope of the question. The witness is explaining the *actual* cause of Plaintiff's injury (treating, as true, facts of which he lacks personal knowledge), rather than answering counsel's *hypothetical* question. |

| Page 40, lines 20-25; Page 41, lines 1-12 | Question by Plaintiff's counsel regarding summary of expert's opinion that, "just to be clear . . . to a reasonable degree of medical certainty, . . . the competent producing cause of [Plaintiff's] ear injury and hearing loss was . . . a traumatic strike or blow to the ear, head area . . ." Answer expressly "[b]ased on [Plaintiff's] self-reported history" | Leading question | **SUSTAINED** for each of two reasons: (1) the "clarified" opinion was based on an answer that has been precluded as beyond the scope of a proper question; and (2) while ordinarily, certain leeway may be given regarding leading questions (in order to save time), here, such leeway may not be given, because the answer is so leading (and so beyond the scope of a proper question and/or lacking in personal knowledge) as to be unfairly prejudicial. |
|---|---|---|---|
| Page 42, lines 5-25; Page 43, lines 1-17 | Question by Plaintiff's counsel regarding whether "anything [can] be done medically for [Plaintiff]?" Answer regarding why various things cannot can be done | Narrative answer | **OVERRULED**: although the answer progresses into somewhat of a narrative one (especially given that the initial question technically called for a "yes" or "no" answer), the follow-up questions of "*what* can be done and *why*" were inevitable and would have been permissible. |

| | | | |
|---|---|---|---|
| Page 66, lines 21-25; Page 67, lines 1-5 | Question by defense counsel that "if the plaintiff had seen medical staff that day or the following day, he would have been able to report pain in the ear or a perceptible hearing loss; is that correct?"<br><br>Answer of "it's certainly possible that he would be . . . reporting those kind of symptoms, which would be common after an acute trauma" | (Grounds not stated: possibly speculation) | **OVERRULED**: although the question is asking the witness to assume a certain fact, he has been qualified as an expert, and the answer is probative and not unfairly prejudicial (especially given that the witness responded, "[I]t's certainly possible"). |
| Page 67, lines 6-20 | Question by defense counsel regarding whether, assuming Plaintiff's statements to be true, medical staff would likely have found evidence of bleeding in Plaintiff's ear canal the day after the incident, had they looked there<br><br>Answer of yes, although "[n]ot necessarily" | (Grounds not stated; possibly speculation) | **OVERRULED**: although the question is asking the witness to assume a certain fact, he has been qualified as an expert, and the answer is probative and not unfairly prejudicial (especially given that the witness responded, "It's possible" and "Not necessarily"). |

| Page 88, lines 8-23 | Question by defense counsel asking witness to confirm fact that the word "bleeding" is not in Plaintiff's medical records<br><br>Answer of "That's correct," then adding, "[b]ut there's other words here, which I have – as a clinician, as an ENT doctor, I have trouble interpreting – what this is trying to tell us" | Answer is beyond the scope of the question | **SUSTAINED, beyond the words "That's correct" (which shall be permitted)**: if the witness wants to testify that he is uncertain about what "other words" in the medical records say, he can wait for Plaintiff's counsel to ask him for that testimony; that testimony is non-responsive to defense counsel's question. |
|---|---|---|---|
| Page 110, lines 10-23;<br>Page 111, lines 1-13 | Question by defense counsel regarding whether people receive Social Security Disability benefits for having sustained a mild to moderate hearing loss<br><br>Answer of "I don't believe so" but that "I'm not familiar with [the] criteria" | (Grounds not stated; possibly lack of relevance and existence of undue prejudice, confusion of issues, and waste of time) | **SUSTAINED** on each of two grounds: (1) lack of expertise; and (2) unfairly prejudicial and confusing because calls for quasi-legal conclusion and effectively brings into case the issue of other insurance and/or mitigation of damages. |

5

| Page 119, lines 18-25; Page 120, lines 1-25; Page 121, lines 1-18 | Question by defense counsel regarding prior lawsuit against witness for failing to diagnose and treat an injury to a tympanic membrane<br><br>Answer that case was 20 years old, that it was dismissed, and that he doesn't recall the details (although he knows there was no payment made) | (No express objection) | **OVERRULED**: the testimony is relevant to both the witness's skill as an ENT and any bias in his expert testimony. |
|---|---|---|---|
| Page 123, lines 17-25; Page 124, lines 1-9 | Question by Plaintiff's counsel regarding whether the witness "look[s] at the totality of the information before [him] in order to give an assessment"<br><br>Answer that yes, and that he "also look[s] at all of those things in the . . . context of . . . the clinical setting" | Leading question | **OVERRULED**: the question is a fair re-characterization of the witness's immediately preceding testimony, where he stated that "I usually make an assessment based on a variety of factors that can include . . . the patient's history, objective tests, perhaps hearing tests, CAT scans, other sorts of things, as well as my examination" (and certain leeway may be given regarding leading questions in order to save time). |

| Page 124, lines 18-22 | Question by Plaintiff's counsel whether "[p]atients come before [the witness] complaining of hearing loss"<br><br>Answer of yes, that it is "[o]ne of the most common complaints that we see" | Leading question | **OVERRULED**: the witness is a practicing ENT who has already testified regarding hearing loss in patients (and certain leeway may be given regarding leading questions in order to save time). |
|---|---|---|---|

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's letter-motion requesting rulings on disputed portions of the deposition transcripts of Nurse Jamie Coffey and Nurse Jessica Mitchell in preparation for use at trial (Dkt. No. 107) is **DENIED**; and it is further

**ORDERED** that the parties' letter-motions requesting rulings on disputed portions of the deposition transcript of Dr. Lloyd Loft in preparation for use at trial (Dkt. Nos. 106, 109) are **GRANTED in part** and **DENIED in part**, as specified in the above-stated table in this Decision and Order.

Dated: March 10, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge