# SIVIN, MILLER & ROCHE, LLP
20 Vesey Street, Suite 1400
New York, NY  10007
Phone:  212 349-0300
Fax:  212 406-9462

March 18, 2025

<u>Via ECF</u>

Hon. Glenn T. Suddaby
US District Court, NDNY
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

                               Re: McCallion v. Marra, et al.
                               Case no. 22CV00253

Your Honor:

The undersigned represents Plaintiff in the above matter.  I write in connection to Defendants' FRCP 50 motion to dismiss Plaintiff's case against Defendants Marcus Hart, Shawn Barbarito, and Gordon Griffith on the ground that Plaintiff, by his testimony, was not able definitely to identify those three Defendants as the officers who were involved in the second use-of-force incident against Plaintiff on October 28, 2020.

Plaintiff recognizes that "personal involvement" of a defendant is a requirement for a Section 1983 claim. Here, based upon circumstantial evidence, which is not limited to Plaintiff's testimony, the trier of fact reasonably can find personal involvement by Hart, Barbarito, and Griffith.

Plaintiff testified that he was escorted to the strip frisk room by only three officers, and that these three escort officers, and no one else, beat him inside the room. The documentary evidence also confirms that Hart, Barbarito, and Griffith, and no one else, were the officers who escorted Plaintiff to the strip frisk room.  Thus, if the jury finds that Plaintiff was beaten in the strip frisk room, the jury also reasonably can find--indeed, they would be compelled to find--that Hart, Barbarito, and Griffith were the officers who did the beating.

In that regard, I call to the Court's attention *Medina v. Donaldson*, 2014 U.S. Dist. LEXIS 33723 (E.D.N.Y. 2014), which includes an extensive discussion of the role of "circumstantial evidence" in demonstrating that officers, whom the plaintiff cannot definitely identify, were personally involved in a use of force against the plaintiff.

Thank you for your attention to this matter.

                                            Very truly yours,

                                            *Edward Sivin*
                                            Edward Sivin

Cc: All counsel, via ECF